**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODNEY FLUCAS, AKA Rodney J.
Flucas, AKA Rodney Rochea Flucas,
AKA Rodney Rochen Flucas,

Defendant-Appellant.

Nos. 19-10065
19-10420

D.C. No.
2:17-cr-00209-KJM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted September 3, 2021
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.
Dissent by Judge BYBEE

Rodney Flucas (Flucas) appeals his convictions for transportation of an

individual with intent to engage in criminal sexual activity, transportation of a

minor with intent to engage in criminal sexual activity, and attempted witness

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

tampering.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

**1.**     Flucas was not entitled to a jury instruction that the government was required to prove beyond a reasonable doubt that he had knowledge of pending federal proceedings in order to be convicted of attempted witness tampering in violation of 18 U.S.C. § 1512.  *See United States v. Jinian*, 725 F.3d 954, 966 n.7 (9th Cir. 2013), *as amended* (holding that "[t]he government . . . need not show that the defendant intended to prevent a communication from reaching a law enforcement officer whom the defendant *knew* to be a federal officer because 18 U.S.C. § 1512(g)(2) provides that no state of mind need be proved with respect to the victim's status as a federal officer") (citation and internal quotation marks omitted) (emphasis in the original).

**2.**     We decline to address on direct appeal Flucas' claim that his counsel rendered constitutionally defective performance by stating that Flucas would commit perjury if he testified.  *See United States v. Singh*, 979 F.3d 697, 732 (9th

---

[1]     Flucas also filed a notice of appeal of a restitution order entered by the district court on November 22, 2019.  However, Flucas does not meaningfully challenge the restitution order in his opening brief.  "It is well established that an appellant's failure to argue an issue in the opening brief, much less on appeal more generally, waives that issue, with exceptions not relevant here."  *Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018) (citation omitted).

2

Cir. 2020) (explaining that "[w]e will consider an ineffective assistance claim on direct appeal only where the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel") (citation and internal quotation marks omitted).

3.     The district court sufficiently determined that use of closed-circuit television for Person 3's testimony was necessary based on:  (1) its determination in the first trial that "the trauma Person 3 may suffer if forced to testify in Flucas's presence [was] not *de minimis*," (2) the opinion of Person 3's treating therapist, (3) Person 3's *in camera* statements regarding her ability to testify, and (4) information provided by the government concerning Person 3's disturbing conduct prior to her scheduled testimony in the second trial.  *See United States v. Garcia*, 7 F.3d 885, 889 n.1 (9th Cir. 1993) (articulating that, in approving use of closed-circuit testimony, the district court should determine that "the child's emotional trauma [is] such that he or she cannot reasonably communicate in the defendant's presence") (internal quotation marks omitted).

4.     The district court did not abuse its discretion in denying Flucas'

request for a special verdict form because the district court gave a unanimity instruction for the transportation count. *See United States v. Ramirez*, 537 F.3d 1075, 1083-84 (9th Cir. 2008).

**5.** The district court did not abuse its discretion in excluding evidence that, eight years prior to Flucas' trial, the DNA expert was sued for fraud in a case that was resolved by settlement with no admission of liability. *See United States v. Charley*, 1 F.4th 637, 643 (9th Cir. 2021) (noting that evidence should be excluded under Rule 403 "if the court finds that its probative value is substantially outweighed by a danger of unfair prejudice") (citation omitted). In any event, the proffered evidence would have had minimal, if any, impact on the jury's verdict given the compelling testimony of Flucas' victims. *See United States v. Lague*, 971 F.3d 1032, 1037 (9th Cir. 2020) (observing that even "[i]f the district court abuses its discretion under Rule 403, we ask whether the government successfully bore its burden of proof that the error in admitting the evidence was harmless") (citation and internal quotation marks omitted).

**6.** Flucas is not entitled to a new trial due to the prosecution's aggressive cross-examination. The district court sustained objections to the prosecutor's questions, and the evidence of Flucas' guilt was so overwhelming that the

questions did not "materially affect the fairness of [Flucas'] trial." *United States v. Ruiz*, 710 F.3d 1077, 1084 (9th Cir. 2013) (citations omitted).[2]

**AFFIRMED.**

---

[2] Flucas further asserts that cumulative error warrants reversal of his convictions. "Because we do not find any error, there can be no cumulative error." *United States v. Anekwu*, 695 F.3d 967, 971 (9th Cir. 2012).

FILED

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Flucas*, Nos. 19-10065, 19-10420

BYBEE, Circuit Judge, dissenting:

For the reasons addressed in the separately filed dissent, I would not reach the issues the majority has addressed in this memorandum disposition. I, therefore, respectfully dissent.